### R. R. RUFF ET AL. v. CHARLES LIND.

#### No. 2795.

**Vendor and Vendee—Removing Cloud from Title.**—Twenty-eight years after a deed was made which retained an express lien for unpaid purchase money, the vendor, unable to learn the residence of the purchaser, or whether he was living, the notes being still unpaid, brought suit to remove cloud from title. The evidence showed that the notes were never paid. *Held*, that the plaintiff, being in possession, was entitled to a judgment canceling the deed and removing the cloud cast by it on his title.

APPEAL from Jefferson. Tried below before Hon. W. H. Ford.

The opinion states the case.

*James H. Rachford*, for appellants. — 1. A deed reserving a lien for the purchase money in a contract for the sale of land makes the title depend upon the payment of the purchase money, and the superior title remains in the vendor. Roosevelt v. Davis, 49 Texas, 463; Pitschki v. Anderson, 49 Texas, 1; Flanagan v. Cushman, 48 Texas, 241; Webster v. Mann, 52 Texas, 416; McAlpin v. Burnett, 19 Texas, 497; Baker v. Compton, 52 Texas, 252; Baker v. Ramey, 27 Texas, 53; Ball v. Hill, 48 Texas, 634.

2. Where a vendor executes a deed to his vendee, but retains a vendor's lein upon the land to secure the payment of the unpaid purchase money, upon nonpayment he may re-enter upon the land and bring suit to set

aside his deed as a cloud upon his title.   Hamblen v. Folts, 70 Texas, 132;
Tom v. Wollhoefer, 61 Texas, 277; Masterson v. Cohen, 46 Texas, 520.

No brief for appellee.

HENRY, ASSOCIATE JUSTICE.—Appellants, claiming to have the title
of one Otto Ruff, brought this suit by publication to remove cloud from
their title to two lots lying in the town of Beaumont.   The cause was tried
without a jury, and judgment was rendered in favor of the defendant.

No conclusions of law or fact appear, and in their absence the only as-
signment of error that we can consider reads:   "The court erred in hold-
ing that plaintiffs were not entitled to the remedy prayed for."

The statement of facts shows, without any conflicting testimony, that on
the 19th day of Februray, 1861, Otto Ruff conveyed the land in contro-
versy to Charles Lind.   The deed states the consideration to be "the
sum of forty dollars in hand paid, and note of hand, at three months
from date, for the sum of twenty dollars, and also note of hand for
twenty dollars, due six months from date, by Charles Lind."   The deed
expressly retains vendor's lien until payment of the notes.

It was proved that Lind left Texas "about" the year 1861, and was
never afterwards heard from; that shortly after the war between the
States the notes were placed in the hands of an attorney at Beaumont for
collection; that the attorney made diligent search for Lind, but was
unable to find him; that he kept the notes in his hands until 1878 or
1879, when he returned them uncollected to the agent of the owners.

The evidence shows that by the advice of an attorney plaintiffs had
taken possession of the lots and had possession of them when they insti-
tuted this suit.

It was proved that the agent of the owners of the notes, to whom they
were returned uncollected in 1878 or 1879, moved away from Beaumont
about that time.   The notes were not produced at the trial.

The court appointed an attorney to represent the absent defendant,
who pleaded only a general denial.

We think the evidence allows of but one conclusion, and that is that
the notes were never paid.

The vendor never having divested himself of the title to the land, and
the notes remaining unpaid, under the circumstances of this case and
under the issues made by the pleadings plaintiffs were entitled to a judg-
ment canceling the deed to Lind and removing the cloud cast by it upon
their title.

The judgment of the court below will be reversed and judgment ren-
dered by this court in favor of appellants.

*Reversed and rendered.*

Delivered January 31, 1890.